IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

CASE NO. 10-05297 (ESL)

CARLOS M. NAVEIRA MELENDEZ

CHAPTER 7

Debtor

OPINION AND ORDER

This case is before the court upon the *Objection to Claimed Exemptions* filed by the Chapter 7 Trustee (Docket No. 128) and the *Reply* thereto filed by the Debtor (Docket No. 129). The Chapter 7 Trustee claims that the applicable homestead exemption available to the Debtor is the one applicable at the date of the filing of the bankruptcy petition, to wit, the Puerto Rico Homestead Act No. 87 of May 13, 1936, 31 L.P.R.A. §§ 1851-1857 (the "PR Homestead Act of 1936"), as amended through Act 116 of 2003, which provides for a maximum homestead exemption of $15,000, and not the Home Protection Act No. 195 enacted on September 13, 2011 (in Spanish titled "Ley del Derecho a la Protección del Hogar Principal y el Hogar Familiar", hereinafter the "2011 PR Home Protection Act"), as amended by Act No. 257 of September 15, 2012 (the "2012 Amendment"), which essentially provides for a total homestead exemption on the equity of the property. The Debtor proposes that he is entitled to the 2011 PR Home Protection Act because a homestead exemption must be determined as of the date of conversion from Chapter 13 to Chapter 7. For the reasons stated herein, the Chapter 7 Trustee's *Objection* is hereby granted.

Procedural Background

On June 16, 2010, the Debtor filed a Chapter 13 bankruptcy petition. See Docket No. 1. In his *Schedule C*, he chose the federal exemptions afforded in Section 522(d) of the Bankruptcy Code, and hence, he claimed a $21,625 exemption over the residential property at Urb. Los Rosales N4 Street 7, Humacao, Puerto Rico (the "Real Property"). The Debtor also

-1-

disclosed that he was the owner of 50% of the Real Property and that the other 50% belonged to his ex-wife. See Docket No. 1, p. 23.

On March 6, 2014, the Debtor filed a *Notice of Conversion to Chapter 7* (Docket No. 99). The Chapter 7 Trustee was appointed to this case on March 10, 2014 (Docket No. 108).

On April 2, 2014, the Debtor filed a *Motion to Amend Schedule C* (Docket No. 117) to claim all exemptions under Puerto Rico law. He also claimed a total exemption on the equity of the Real Property under "PRLA 31 §§ 385(a), 1851 -1857" (Docket No. 117, p. 3). The court notes that 31 L.P.R.A. §§ 1851-1857 refers to the PR Homestead Act of 1936, not the 2011 PR Home Protection Act, which correct citation is 31 L.P.R.A. §§ 1858 *et seq.*

The meeting of creditors was held and closed on May 8, 2014. See Docket Nos. 120 and 127.

On May 12, 2014, the Chapter 7 Trustee filed her *Objection to Claimed Exemptions* (Docket No. 128) claiming that the Debtor is only entitled to a maximum exemption of $15,000 under the PR Homestead Act of 1936, as amended, which was the homestead law applicable as of June 16, 2010, the date of the Chapter 13 bankruptcy petition.

On June 12, 2014, the Debtor filed a *Reply to Trustee's Objection to Claimed Exemptions* (Docket No. 129) asserting that homestead exemptions are determined on the date of conversion from Chapter 13 to Chapter 7.

<u>Jurisdiction</u>

The court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

<u>Applicable Law and Analysis</u>

In <u>In re Pérez Hernández,</u> 487 B.R. 353, 364 (Bankr. D.P.R. 2013), this court held as follows:

Section 522(b)(3) of the Bankruptcy Code provides that exemptions on property, afforded by either federal or state law, are applicable as of "date of the filing of the petition". <u>Also see</u> <u>In re Ellis</u>, 446 B.R. 22, 24 (Bankr. D. Mass. 2011) ("[r]ights to exemptions are fixed as of the date of the petition"); <u>In re Andris</u>, 471

B.R. 761, 763 (Bankr. D. Mass. 2012) ("exemptions are fixed as of the date of the petition"); Pasquina v. Cunningham (In re Cunningham), 354 B.R. 547, 553 (D. Mass. 2006) ("It is hornbook bankruptcy law that a debtor's exemptions are determined as of the time of the filing of his petition."); In re Peterson, 897 F.2d 935, 937 (8th Cir. 1990) (the court must "focus only on the law and facts as they exist on the date of filing the petition.").

"Section 348(a) [of the Bankruptcy Code] states that when a case is converted from one chapter to another, the conversion does not advance the filing date of the petition to the date of conversion." Lowe v. Sandoval (In re Sandoval), 103 F.3d 20, 22 (5th Cir. 1997). 11 U.S.C. § 348(a) reads as follows:

> Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief. 11 U.S.C. § 348(a).

In Sandoval, the United States Court of Appeals for the Fifth Circuit (the "Fifth Circuit") considered a similar controversy as the one presented in the instant case. The debtors in that case had filed a previous Chapter 13 bankruptcy petition which was subsequently converted to a Chapter 7. Along with their conversion, the debtors "amended their schedules to designate a new homestead." Id. at 21. The Chapter 7 Trustee "filed an objection to the Sandovals' designation of the [new] property as their homestead." Id. The Fifth Circuit addressed whether 11 U.S.C. §§ 522(b) and 348(a) "require[d] the debtor's exemptions to be determined on the date of filing [of the bankruptcy petition] rather than the date of conversion in a chapter 13 to chapter 7 conversion." Id. at 22. Ultimately, the court found that the language in the statute was clear and "that the right to exemptions is determined by facts as they existed on the date of the original bankruptcy petition." Id. at 23. Also see In re Heater, 189 B.R. 629, 638 (Bankr. E.D. Va. 1995) ("This Court therefore holds that property must be characterized for purposes of determining and obtaining bankruptcy exemptions as of the date of the bankruptcy petition"); In re Michael, 183 B.R. 230, 233 (Bankr. D. Mont. 1995) ("right to exemptions under the Bankruptcy Code, like the Bankruptcy Act, is generally determined by facts as they

-3-

existed on the date bankruptcy was filed"); In re Schoonover, 147 B.R. 430 (Bankr. S.D. Ohio, 1992); In re Stroble, 127 B.R. 372, 373 (Bankr. W.D. Va.1991); cf. In re Marcus, 1 F.3d 1050, 1052 (10th Cir. 1993) ("We hold that the law in effect on the date of filing controls what exemptions will be available to a debtor converting from Chapter 13 to Chapter 7."); In re Alexander, 239 B.R. 911, 916 (B.A.P. 8th Cir. 1999) aff'd, 236 F.3d 431 (8th Cir. 2001) ("exemption eligibility is determined as of the date the original chapter 13 petition was filed").

This court finds that 11 U.S.C. §§ 11 U.S.C. 522(b)(2)(A) and 348(a) are controlling in the instant contested matter. Thus, where the statutory language is clear the court will look no further. See United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989).

The Debtor invites the court to apply In re Alderman, 195 B.R. 190 (B.A.P. 9th Cir. 1996), and In re Lindberg, 735 F.2d 108 (8th Cir. 1984), for the proposition that exemptions are determined as of the date of the conversion. In In re Sandoval, 103 F.3d at 23, the Fifth Circuit declined such invitation and reasoned as follows:

> Recent legislation supports our conclusion and undercuts one prong of Lindberg's rationale. In passing the Bankruptcy Reform Act of 1994, Congress sought to resolve a circuit split on whether the property to be included in a converted bankruptcy estate should be measured as of the date of filing of the original petition or as of the date of conversion. An amendment to the Bankruptcy Code provides that the estate in a converted case consists only of property of the estate as of the date of the original filing that remains in the possession of the debtor on the date of conversion. 11 U.S.C. § 348(f)(1)(A); 140 Cong. Rec. H10752-01 (Oct. 4, 1994) (explaining that the amendment was intended to overrule In re Lybrook, 951 F.2d 136 (7th Cir. 1991), a Seventh Circuit decision that cited Lindberg for support).

> The 1994 amendment does not directly apply to today's case because the Act bars retroactive application of the statute to cases accruing before the Act's effective date (October 22, 1994). In re Young, 66 F.3d 376, 378 (1st Cir. 1995) (citing Pub.L. No. 103-394, § 702, 108 Stat. 4106, 4150). However, it undercuts Lindberg's assertion that Congress intended that exemptions should be determined as of the time of conversion because the property of the estate is determined as of conversion.

> Similarly, courts have also recognized that:

-4-

Despite this statutory language, the Debtor asks this Court to recognize the holdings of two Bankruptcy Appellate Panel cases, In re Winchester, 46 B.R. 492 (9th Cir. BAP 1984), and In re Alderman, 195 B.R. 106 (9th Cir. BAP 1996). Both hold that the date of conversion from Chapter 13 to Chapter 7 controls the date on which to determine exemptions in the Chapter 7 estate. While it might initially appear that these two cases have decided the matter, such is not the case. The precise issue before this Court, a post-petition, pre-conversion change in the state exemption law, was not before the Panel in either Winchester or Alderman.

In Winchester and Alderman the applicable law was the same on the petition date as it was on the conversion date. In Winchester it was a change in the circumstances of the debtors, *not the applicable law,* which had changed. Similarly, in Alderman, the Panel was not required to address the consequences of a change in the exemption law.[1] Neither case holds that the date of conversion determines the substantive law which must be applied to the exemption. Furthermore, the rationale of both cases relied on policy considerations which have been undercut by a recent amendment to the Bankruptcy Code.

Winchester and Alderman are based largely on the rationale that exemptions must be determined on the date of conversion otherwise property acquired after commencement of the Chapter 13 but before conversion to Chapter 7 would not be included in the Chapter 7 estate. In 1994 the Bankruptcy Code was amended to provide that in a converted case the estate consists only of property of the estate as of the date of the original filing that remains in the possession of the debtor on the date of the conversion. 11 U.S.C. § 348(f)(1)(A). The amendment thus clarifies the property to be included in the debtor's post-conversion Chapter 7 estate. As a result of the amendment, the concerns of Winchester and Alderman as to after-acquired property have been resolved. Indeed, the legislative history explains that the amendment was intended to overrule In re Lybrook, 951 F.2d 136 (7th Cir. 1991), which, like Winchester and Alderman, reasoned that property of the converted estate should be determined on the date of conversion.

In re Weed, 221 B.R. 256, 257-258 (Bankr. D. Nev. 1998) (original italics).

Therefore, the court is not persuaded by the cases cited by the Debtor and follows instead the prevailing reasoning as espoused by the Fifth Circuit.

---

[1] In In re Winchester, *supra*, the debtors had failed to reinvest proceeds from the sale of their homestead within one year. Under Oregon law, they had a right to claim a homestead exemption if the petition date controlled but no right if the conversion date controlled. The Panel held that exemptions and property of the Chapter 7 estate should be determined as of the conversion date, not the petition date, on the stated grounds that otherwise after-acquired property in the Chapter 13 case would not be included in the Chapter 7 estate. 46 B.R. at 495. Similarly, in In re Alderman, *supra*, the Panel was not required to address the consequences of a change in the state exemption law between the date of filing and the date of conversion. In Alderman, after the Chapter 13 debtors converted their case to a Chapter 7, the trustee filed a motion to determine a homestead exemption value. The court reduced the pre-conversion exemption which had been allowed in the debtors' confirmed plan and the Bankruptcy Appellate Panel affirmed, holding that "[l]ogically, the conversion date should control otherwise the after-acquired property would not be in the Chapter 7 estate." Also see In re Weed, 221 B.R. at 258, fn. 2.

<u>Conclusion</u>

The court finds that the law in effect as of the date of bankruptcy filing controls the exemptions available to the Debtor, not the date of conversion to Chapter 7.  Hence, the Debtor is only entitled to claim the exemptions available as of June 16, 2010, that is, the date of the original filing of the Chapter 13 petition.

SO ORDERED.

In San Juan, Puerto Rico, this 16th day of September, 2014.

Enrique S. Lamoutte
United States Bankruptcy Judge